UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. ~~17-CR~~ 18-CR-20

JEFFREY A. VAN REMORTEL,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Jeffrey A. Van Remortel, individually and by attorney Richard A. Coad, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a single-count information, which alleges a violation of Title 16, United States Code, Sections 3372(a)(1), 3373(d)(2) and Title 18 United States Code, Section 2.

3.     The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. At times material to this indictment:

    (a) Defendant JEFFREY A. VAN REMORTEL owned and operated Wisconsin Duck Hunts Guide Service (WDH), which was located in Minoqua, Wisconsin. Through WDH, VAN REMORTEL offered guided duck hunting trips on Lake Michigan. VAN REMORTEL advertised his guiding services on the internet. VAN REMORTEL represented on the WDH website that he offered waterfowl hunting for trophy divers, sea ducks and puddle ducks.

    (b) The Lacey Act prohibits the import, export, transportation, sale, receipt, acquisition, or purchase of fish or wildlife that has been taken, possessed, transported, or sold in violation of federal law.

    (c) The Lacey Act deems a sale or purchase of wildlife to include the offer or provision of guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting, or possessing of fish, wildlife or plants for money or other consideration.

    (d) The Migratory Bird Treaty Act (16 U.S.C. § 703) makes it unlawful for any person to hunt, take, kill, or possess any migratory bird except with a permit or as otherwise provided by regulation. Regulations are in place to allow the hunting of migratory game birds. 50 CFR 20.11 defines a migratory game bird as those migratory birds included in the terms of conventions between the United States and any foreign country for the protection of migratory birds, for which open seasons are prescribed in this part and belong to the following families: (1) Anatidae (ducks, geese [including brant], and swans); (2) Columbidae (doves and pigeons); (3)

2

Gruidae (cranes); (4) Rallidae (rails, coots and gallinules); and (5) Scolopacidae (woodcock and snipe).

All of the ducks taken in this case belong to the family Anatidae and have prescribed seasons for their taking. These species of ducks include, but are not limited to, mallards, ring-necked, buffleheads, canvasbacks, gadwalls, wood ducks, redheads, scaups, pintails, black ducks, and goldeneyes.

(e) Part 50 of the Code of Federal Regulations for hunting migratory game birds, includes Section 20.43, which states that "No person shall transport within the United States any migratory game birds, except doves and band-tailed pigeons (Columba fasciata), unless the head or one fully feathered wing remains attached to each such bird at all times while being transported from the place where taken until
they have arrived at the personal abode of the possessor or a migratory bird preservation facility."

2. On or about November 26, 2012, in the Eastern District of Wisconsin and elsewhere, the defendant,

**JEFFREY A. VAN REMORTEL,**

knowingly transported within the United States migratory game birds without a head or one fully feathered wing attached, more specifically: the defendant sold and guided a migratory waterfowl hunt on the shore of Lake Michigan, after which the defendant then breasted out the ducks without the identifying head or wing attached when he provided the birds to the undercover agents for transportation to their office in New Franken, Wisconsin.

All in violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(2) and 18 U.S.C. § 2.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case

3

were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On November 26, 2012, the defendant operated and owned Wisconsin Duck Hunts Guide Service (WDH), located in Minoqua, Wisconsin. In 2012, he took two undercover U.S. Fish and Wildlife agents on a duck-hunting trip along Green Bay in the Eastern District of Wisconsin. At the conclusion of this hunt the defendant breasted out (dressed) ducks, a migratory bird, on-site and knowingly allowed the agents to transport the ducks without their head or a wing in violation of federal wildlife regulations.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 1 year and $100,000. The count also carries a mandatory special assessment of $25, and a maximum of 1 year of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of violating the Lacey Act as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

*First*, the defendant sold or transported, or aided and abetted the sale of wildlife in

4

interstate commerce or attempted to do so;

*Second*, the defendant did so by knowingly engaging in conduct involving their sale; and

*Third*, the defendant in the exercise of due care should have known the wildlife was taken, transported or possessed in violation of the law.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

5

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged is 6 under Sentencing Guidelines Manual § § 2Q2.1.

### Specific Offense Characteristics

16. The parties agree to recommend to the sentencing court that a 2-level increase for pecuniary gain under Sentencing Guidelines Manual § § 2Q2.1(b)(1) is applicable to the offense level for the offense charged.

### Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

## Sentencing Recommendations

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. The parties agree to recommend a $7,500 fine payable to the Lacey Act Reward Fund.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the

7

payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

23. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Special Assessment

24. The defendant agrees to pay the special assessment in the amount of $25 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

25. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

>   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

8

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

26. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

27. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth

Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## GENERAL MATTERS

28. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

29. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

30. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## VOLUNTARINESS OF DEFENDANT'S PLEA

31. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

10

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 1-17-18

_____
JEFFREY A. VAN REMORTEL
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/23/18

_____
RICHARD A. COAD
Attorney for Defendant

For the United States of America:

Date: 1/23/18

_____
GREGORY J. HAANSTAD
United States Attorney

Date: 1/23/18

_____
DANIEL R. HUMBLE
Assistant United States Attorney

11